**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA SHEPHERD,

    Plaintiff,

v.

LAW OFFICES OF COHEN & SLAMOWITZ, LLP.

    Defendant.

JUDGE CONNER

**COMPLAINT**

**08 CIV. 6199**

CIVIL ACTION NO:

## INTRODUCTION

1. This is an action for damages and declaratory judgment brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and New York General Business Law § 349 (hereinafter, "NYGBL § 349"). 

2. Plaintiff also sues Defendant for Defamation.

3. Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendant in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

4. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k.

5. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## PARTIES

1. Plaintiff Gloria Shepherd (hereafter, "Mrs. Shepherd") is a natural person who resides in White Plains, New York.

2. Mrs. Shepherd is a consumer under the FDCPA, § 1692a(3).

3. Defendant Cohen and Slamowitz, LLP (hereafter, "C&S") is a limited liability partnership engaged in the business of collecting debts in this state, with its principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797-9004.

4. C&S's principal purpose is the collection of debts and C&S regularly attempts to collect debts alleged to be due another.

5. C&S is a debt collector under the FDCPA, §1692a(6).

## FACTS

6. In approximately December, 2007, Ms. Shepherd's bank account was restrained by Defendant, allegedly on the basis of a default judgment obtained in MRC Receivables Corp. v. Shepherd, CV 2005-1743, an action brought by MRC Receivables Corp. (hereinafter "MRC") against Mrs. Shepherd in White Plains City Court ("the State Action"), in which C&S was MRC's counsel of record.

7. At the time the above referenced State Action was commenced against Mrs. Shepherd, she had already settled the debt in full and provided written proof of same to Defendant in the form of cancelled checks.

8. Specifically, Mrs. Shepherd settled this debt in November/December of 2004 and, in response to Defendants' debt collection efforts provided Defendants with copies of

pecuniary harm.

15. The monies which C&S sought to collect from Mrs. Shepherd are a "debt" under the FDCPA, § 1692a(5).

### FIRST CAUSE OF ACTION
**The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA")**

16. Mrs. Shepherd repeats and re-alleges and incorporates by reference the foregoing paragraphs.

17. Defendant's actions and omissions as set forth above constitute violations of the FDCPA, defendants violated the FDCPA. These violations include, without limitation:

    a. Threatening, attempting and/or actually taking collection activity against Mrs. Shepherd with regard to a debt she already had already paid/settled, in violation of §§1692e, 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692f, 1692f(1).

    b. Communicating directly with Mrs. Shepherd when Defendants knew she was presented by an attorney with respect to such debt and had knowledge of such attorney's name and address, in violation of § 1692c.

    c. Sending Mrs. Shepherd a deceptive and/or misleading letter, dated January 31, 2008, which did not make clear that by offering to vacate the judgment against Mrs. Shepherd other than "with prejudice", Defendants had reserved their ability to refile the state action at a later date, in violation of §§1692e, 1692e(2), and 1692f.

    d. Reporting to one or more Credit Reporting Agencies that Mrs. Shepherd owed

4

a debt to Defendant(s) despite notice that she had settled the debt, in violation of, interalia, §§1692e, 1692e(2); 1692e(5); 1692e(8); 1692e(10); 1692f, 1692f(1).

18. As a result of these violations, Mrs. Shepherd has suffered pecuniary and non-pecuniary harm.

## SECOND CAUSE OF ACTION
## NYGBL § 349 (Deceptive Acts and Practices Unlawful)

19. Mrs. Shepherd repeats and re-alleges and incorporates by reference the foregoing paragraphs.

20. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of New York General Business Law §349, independent of whether or not it also constituted a violation of any other law.

21. As a result of these violations of NYGBL §349, Ms. Shepherd has suffered pecuniary and non-pecuniary harm.

## THIRD CAUSE OF ACTION
### Defamation

22. Mrs. Shepherd repeats and re-alleges and incorporates by reference the foregoing paragraphs.

23. Defendant made false and defamatory statements concerning Mrs. Shepherd.

24. Specifically, and without limitation, Defendant stated that Mrs. Shepherd was late in paying a debt when, in fact, Mrs. Shepherd had already paid/settled the alleged debt.

25. Defendant knew or should have known that that these statements were false.

26. Defendant published these statements to numerous third parties, including the Credit Reporting Agencies.

27. The publication of these false and defamatory statements to said third parties resulted in injury, including pecuniary injury, to Mrs. Shepherd.

**WHEREFORE** Mrs. Shepherd respectfully requests this Court to:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL § 349), actual damages, three times the actual damages up to $1000, costs and reasonable attorneys fees pursuant to NYGBL § 349(h);

c. On the THIRD CAUSE OF ACTION (DEFAMATION), actual damages, punitive damages, costs and reasonable attorneys fees;

d.  Award such other and further relief as law or equity may provide.

Respectfully Submitted,

*[signature]*

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fax: 914-946-2930
email: daniel@schlangerlegal.com