UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GLORIA SHEPHERD,

        Plaintiff,

v.

LAW OFFICES OF COHEN & SLAMOWITZ, LLP

        Defendant.

------------------------------------------------------x

**Initial Disclosure**

**Rule 26(a)(1)**

**CIVIL CASE NO.: 7:08 cv 06199**

       In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff GLORIA SHERHERD, by and through counsel, makes her initial mandatory disclosure as follows:

**A.   Witnesses**

1. Plaintiff Gloria Shepherd is likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about her dealings with Defendant and Defendants debt collection activities against her. Ms. Shepherd is represented by the undersigned and all communications with her are to be through counsel.

2. Mitchell G. Slamowitz, Esq. is an employee, officer, principal and/or agent of Defendant and is likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about Defendant's debt collection practices in general and with regard to Ms. Shepherd in particular. Mr. Slamowitz's contact information is already known to Defendant.

3. David A. Cohen, Esq. is an employee, officer, principal and/or agent of Defendant and is likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about Defendant's debt collection practices in general and with regard to Ms. Shepherd's in particular. Mr. Cohen's contact information is already known to Defendant.

4. Rita Hill, Esq. is an employee and/or agent of Defendant's and is likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about Defendants'

debt collection practices in general and with regard to Ms. Shepherd in particular. Ms. Hill's contact information is already known to Defendant.

7. Persons most knowledgeable at Defendant Law Office of Cohen & Slamowitz, LLP, are likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about Defendants' debt collection practices in general and with regard to Ms. Shepherd in particular. These persons' contact information is already known to Defendant.

8. Persons most knowledgeable at MRC Receivables Corporation are likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about Defendants' debt collection practices in general and with regard to Ms. Shepherd in particular. These persons' contact information is already known to Defendant.

9. Persons most knowledgeable at Midland Funding, LLC , and/or Midland Credit Management, LLC, are likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless used solely for impeachment, including information about Defendants' debt collection practices in general and with regard to Ms. Shepherd in particular. These persons' contact information is already known to Defendant.

**B.  Documents**

1. All documents previously filed in <u>MRC Receivables Corp v. Gloria Shepherd</u>, CV 2005-1743, White Plains Civil Court, (the "State Action") copies of which are already in Defendant's possession.

2. All documents previously filed in the above-titled federal action, including but not limited to all documents attached to Plaintiff's Amended Complaint, copies of which are already in the Defendant's possession.

3. All documents previously submitted by Defendant to numerous third parties, including but not limited to Trans Union, Experian and Equifax, copies of which are already in the Defendant's possession.

**C.  Computation of Damages**

1. Actual Damages: Plaintiff's actual damages are not liquidated and do not lend themselves to a statement of calculation but are subject to an award of damages. Such damages will be determined by the jury in this matter. Plaintiff seeks damages for the following categories and types of harm as "actual damage" in this matter.

(a) Plaintiff suffered emotional and mental anguish, frustration, embarrassment, humiliation, and annoyance.

(b) Plaintiff's economic damage also includes the considerable time, effort and expense of responding to, litigating and obtaining the dismissal of the State Action, and resolving the related bank attachment(s), as well and other consequences of said State Action and/or Defendant's other debt collection activities against her.

(c) Plaintiff's economic damages also include the cost of any damage to Plaintiff's credit caused directly or indirectly by Defendant, as well as the time, effort and expense of addressing same.

2. Punitive Damages: Plaintiff seeks punitive damages which are not liquidated and do not lend themselves to a statement of calculation. Such damages will be determined by the jury in this matter.

3. Statutory Damages, Costs and Attorneys Fees: Plaintiff seeks statutory damages, costs and attorneys fees pursuant to the FDCPA and NYGBL §349.

**D.  Insurance Agreements**

Plaintiff does not have any insurance that would cover the counterclaims made against her by Defendant.

Dated: 12/15/08

_____
DANIEL A. SCHLANGER, ESQ. (ds9330)
SCHLANGER & SCHLANGER, LLP
Attorneys for Plaintiff
1025 Westchester Avenue, Suite 108
White Plains, New York 10604
Tel: (914) 946-1981
Fax: (914) 946-2930
daniel@schlangerlegal.com

TO: MICHAEL G. MCAULIFFE, ESQ. (MGM-3024)
Law Offices of Michael G. Mc Auliffe
48 South Service Road, Suite 102
Melville, New York 11747
(631) 465-0044
Attorney for Defendant