UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

———————————————————————x

GLORIA SHEPHERD,

        Plaintiff,

      -against-                        08 Civ. 6199 (CM)(LMS)

LAW OFFICES OF COHEN & SLAMOWITZ, LLP,

        Defendant.

———————————————————————x

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND TO COMPEL PLAINTIFF TO ACCEPT RULE 68 OFFER; SCHEDULING ORDER FOR THE COMPLETION OF TRIAL READINESS

McMahon, J.:

      In this action, brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., defendants move for summary judgment dismissing the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(3) and for an order compelling plaintiff to accept Defendant's offer judgment made pursuant to Fed. R. Civ. P. 68. Defendant also seeks an order compelling plaintiff to pay its costs and reasonable attorneys' fees incurred since the tenth day following the submission of the Rule 68 offer. All motions are denied.[1]

### Decision on Defendant's Motions

      Gloria Shepherd's story is not a pretty one, or one that brings credit on the legal profession. I am setting forth her version of events, which at this point I presume to be true.

      Mrs. Shepherd owed a modest amount of money (well under $1,000) to a credit card company, which turned the account over to a debt collector, which may or may not have been the defendant firm (plaintiff says yes, defendant says no). In November 2004, plaintiff agreed to settle a debt owed for the sum of $970. (bank records would reveal the truth). Plaintiff authorized the debt collector to withdraw that sum from her checking account; she retained documentation that the debt was paid.

      Whether or not it was involved in the successful 2004 collection effort, defendant law firm was retained at some point (it claim in May 2005) to "collect" the debt that had already been paid. The firm made repeated efforts to collect the already-satisfied debt,

---

[1] The court has received a letter indicating that some party intends to file additional papers. No more papers are required. The motion can be disposed of on the papers made available thus far.

pestering plaintiff with telephone calls and ignoring or discounting her repeated proffers of proof that the debt had been settled. Eventually, defendant caused a lawsuit to be brought against plaintiff for the "debt" and obtained a default judgment against her in the White Plains City Court. It is not clear to this court that service was ever effected on Mrs.Shepherd; I tend to doubt it. Mrs. Shepherd avers that she was unaware of the action until defendant caused her bank account to be restrained following entry of the "default judgment" for the non-existent debt, and inaction in the face of service of a summons and complaint is utterly inconsistent with her vigorous efforts to convince defendant that the debt had already been collected.

After obtaining the "default" judgment, the firm continued to ignore plaintiff's protestations and her proof of payment until she finally (and, I fear, belatedly) hired her own lawyer. Then, in blatant violation of both FDPCA and its ethical obligations (of which the firm may have been in breach continuously since sometime in 2005), the firm communicated directly with a represented client in an effort to have the default judgment vacated without prejudice. Only after Mrs. Shepherd's lawyer intervened did defendant consent to discontinue the state court action with prejudice.

Several months later, Mrs. Shepherd brought this lawsuit. The complaint asserted a claim under FDCPA as well as claims for violation of New York's General Business Law § 349 (unfair trade practices) and for libel, the latter on the ground that defendant had advised third parties (notably, plaintiff's bank and various credit reporting agencies) that she was a deadbeat. Plaintiff asserted a FDCPA claim for actual as well as statutory damages; this can hardly be surprising, since she had to pay fees to her bank in connection with the attachment of her bank account, as well as attorneys' fees to obtain vacatur of the judgment; she may well have incurred additional fees to right her credit rating. Plaintiff also seeks damages for the pain and suffering that a law-abiding citizen might be expected to suffer if hounded in the way plaintiff alleges she was hounded. Plaintiff also asserted claim for statutory damages under the GBL, as well as a claim for punitive damages on her claim for defamation.

Before filing an answer, defendant served plaintiff with a Rule 68 Offer of Judgment, in the amount of $1,000 – the maximum amount of statutory damages available to a plaintiff under FDCPA *if she were not seeking actual damages* – plus costs and reasonable attorneys' fees. Plaintiff did not respond to the offer, thereby effectively denying it.

Defendant now seeks an order compelling plaintiff to accept its Rule 68 offer and summary dismissal of this action. If I understand its argument aright, it goes something like this:

(1)        An action is moot if a defendant offers a plaintiff, via Rule 68, all the relief the plaintiff could expect to obtain at the end of a trial on the merits.

(2)    Defendant offered plaintiff $1,000, plus costs and reasonable attorneys' fees, which is the most she can get on her FDCPA claim. Therefore, the Rule 68 offer of judgment moots plaintiff's federal claim.

(3)    Once the FDCPA claim is gone, this court ought not assert ancillary jurisdiction over plaintiff's state law claims, so those claims should be dismissed without prejudice.

(4)    That means the offer of judgment effectively disposes of the entire litigation (at least, in federal court).

(5)    Plaintiff should thus be compelled to accept the offer of judgment.

(6)    And by the way, plaintiff should be liable for defendant's costs and attorney's fees from and after the date when she should have accepted the Rule 68 offer, which was ten days after it was made.

There are so many things wrong with defendant's argument that it is hard to know where to begin.

Fed. R. Civ. P. 68 provides:

(a) More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter the judgment.

*   *   *   *   *

(d) If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

In this case, defendant was confronted with a complaint containing not one, but three causes of action. Defendant's offer of judgment was, by its own admission, for the maximum amount that it believed the plaintiff was authorized to recover on just one of those three causes of action: the sum of $1,000. But the offer of judgment did not say that it was an offer only on the First Cause of Action; Defendant endeavors to suggest that the offer was intended to apply only to plaintiff's FDCPA claim, but that is not what the offer says, and it is the written terms of the offer that control, not defendant's post-hoc characterization of what it meant. By its terms, the $1,000 figure "….includes *all amounts that might otherwise be recovered by plaintiff* for any pre-judgment interest,

penalties and damages of any nature, including statutory, actual, treble, punitive or exemplary damages." (Emphasis added). The only exception carved out on the face of the offer is costs and attorneys' fees – not plaintiff's state law claims. It is too late to amend the offer, and any amendment defendant might wish to make certainly cannot be accomplished in a brief in support of a motion for summary judgment.

It is well settled that "when a defendant offers the maximum recovery available to a plaintiff......there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." Abrams v. Interco, Inc., 719 F. 2d 23, 32 (2d Cir. 1983).[2] Since the offer of judgment in this case does not offer plaintiff the maximum recovery available to her in this lawsuit, there is no basis for defendant's assertion that its Rule 68 offer moots this action.

First, a plaintiff is limited to $1,000 plus costs and attorneys' fees for her claim under FDCPA *only if she does not assert any claim for actual damages.* "Where a claimant does not sustain any actual damages, the Fair Debt Act limits the liability of a 'debt collector' to 'such additional damages the court may allow, but not exceeding $1,000" and 'costs of the action, together with a reasonable attorney's fee as determined by the court.'" Schaake v. Risk Management Alternatives, Inc., 203 F.R.D. 108, 109 (S.D.N.Y. 2001), citing 15 U.S.C. § 1692k. But $1,000 is not the maximum amount of relief available to Mrs. Shepherd (or to any plaintiff) under FDCPA. A plaintiff in such an action is entitled to any actual damages she can prove, *plus* up to $1,000 in "additional" damages. "Additional" means over and above actual damages, which are separately recoverable.

Here, plaintiff asserts that she sustained actual damages. It says so in her complaint, which I presume (perhaps wrongly) the defendant law firm and its counsel have read. So $1,000 is not the limit of her maximum possible recovery on her FDCPA claim, and an offer of judgment in the amount of maximum *additional* damages is plainly insufficient to moot that FDCPA claim. There is no way this court would, could or should compel plaintiff to accept that offer.

Furthermore, defendant acts as if the FDCPA claim were the only claim in suit. It is not. Plaintiff asserts two other claims, and the maximum amount available to her is what she could expect to recover on the entire lawsuit, not just on her federal claim. When an offer of judgment does not cover all potential damages on all claims, the offer is not sufficient and controversy remains. Ward v. Bank of New York, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006); Milton v. Rosicki, Rosicki & Assoc., , 2007 WL 2262892 at *2 (E.D.N.Y. 2007). While plaintiff will not be able to recover statutory damages under

---

[2] For this proposition defendant cites, *inter alia*, a case of mine, Wilner v. OSI Collection Services, Inc., 198 F.R.D. 393, 394-395 (S.D.N.Y. 2001), prominently mentioning my name in connection with the cite. While Wilner remains good law for the precise proposition of law under discussion, defendant failed to cite the case correctly or completely. If defendant had shepardized the decision, it would have learned that a motion for reconsideration was filed and granted, and the original judgment compelling plaintiff to accept the Rule 68 offer was vacated. See Wilner. V. OSI Collection Services, Inc., 201 F.R.D. 321. Defendant's sloppy effort to curry favor with the court is of a piece with its general sloppiness in connection with Mrs. Shepherd's matter.

both FDCPA and the GBL (that would violate the rule against double recovery for the same injury, *see* Mayline Enterprises v. Milea Truck Sales et al., No. 06 Civ. 5603 (CM), Aug. 3, 2009), she has asserted a claim for actual and punitive damages under the common law of libel. I cannot say at this point that plaintiff's libel damages are congruent with her actual damages under FDCPA; and given the evidence that has been placed before me in opposition to defendant's motion for summary judgment, I fully intend to submit the punitive damages claim to the jury. So plaintiff may end up recovering a substantial sum on top of any FDCPA damages. The offer of judgment fails to take that possibility into account.

Defendant argues, or at least insinuates, that if the federal claim is fully satisfied by its Rule 68 offer, the action would be over because the court would lack jurisdiction over plaintiff's state law claim. But that is nonsense. Under the law in effect since 1990, 28 U.S.C. §1367 vests the court with supplemental jurisdiction over state law claims that are part of the same case or controversy as federal claims, and gives district courts discretion to exercise or decline to exercise that jurisdiction if all federal claims are dismissed. 28 U.S.C. § 1367(c). So even if the offer of judgment had mooted plaintiff's federal claim (and it most decidedly did not), this court would remain seized of jurisdiction over the state law claims and would have the discretion to keep them or to dismiss them so they could be brought next door. There is simply no warrant for defendant's assertion that an offer of judgment sufficient to cover the full value of any federal claims would oust this court of jurisdiction over the rest of the lawsuit.

Furthermore, as previously discussed, the text of defendant's Rule 68 offer was not limited to satisfaction of plaintiff's federal claim. If plaintiff had accepted the offer of judgment, and the clerk had entered judgment thereon, plaintiff's entire complaint would have been dismissed -- state law claims as well as federal. And if plaintiff had thereafter tried to sue on her state law claims in the New York State Supreme Court, arguing that the $1,000 Rule 68 offer applied only to her federal claim, I doubt very much whether defendant would have taken the position that she had any live claims left. Defendant's mootness argument is, in a word, idiotic.

There is thus no basis for the court to compel plaintiff to accept defendant's offer. Nor is there any basis in the record before me on which I could grant summary judgment to defendant. Looking at the merits evidence (of which defendant has introduced none), there would seem far more reason to award summary judgment in favor of plaintiff, at least as to liability on the FDCPA claim. But plaintiff has not moved for summary judgment, no doubt because the case will have to go to trial on damages and on the libel claim in any event. So the court will not exercise its prerogative under Fed. R. Civ. P. 56 to search the record and grant summary judgment to any party who may be so entitled; sufficient unto the day of the trial.

Finally – even though defendant's argument for the imposition of costs and attorneys' fees really IS moot in view of the above ruling – I note that among the legal errors riddling defendant's motion papers is its argument that Rule 68 authorizes an award of costs *and attorneys' fees* if the judgment ultimately obtained is less than the

judgment offered. The United States Supreme Court disposed of that contention 24 years ago, in Marek v. Chesney, 473 U.S.1 (1985). If plaintiff obtains a judgment of $1,000 or less from a jury, taking into account all three of her causes of action, then of course defendant will be entitled to tax Mrs. Shepherd for all statutory costs incurred from and after the date of her de facto refusal of the offer. But she will not be liable for one dime of defendant's attorneys' fees based on her refusal to accept the Rule 68 offer of judgment.

Defendant's motion is so patently meritless that it should never have been made. It has wasted the court's time and wasted the time of counsel for Mrs. Shepherd. The court will award attorneys' fees *to plaintiff* on this motion, as a sanction for its utter frivolousness. We will settle all matters relating to attorneys' fees after the case has been tried, so plaintiff need not submit a fee affidavit relating only to this motion now.

### Scheduling Order

Yesterday, the court issued a memo endorsement denying defendant's motion for a protective order and denying as moot plaintiff's motion to strike defendant's motion. Let me now expand upon that and enter a scheduling order: the deposition of David Cohen will take place within 14 days of today. In addition, the plaintiff may take the deposition of the Managing Attorney of the firm, Leandre John. Mr. Cohen actually communicated with plaintiff so of course he can be deposed; Mr. John has been tendered as a Rule 30(b)(6) witness and he can be deposed as well. Mr. John's deposition must also take place within the next 14 days.

All discovery of any nature whatsoever must be completed by December 31, 2009. Depositions can be noticed on 5 days notice; all document requests and interrogatories and notices to admit must be served by November 13, and are to be answered within 20 days (not 30); all discovery disputes (including disputes over document production and objections to interrogatories) are to be taken to the assigned magistrate judge in White Plains in time to be resolved no later than December 20, so that answers can be supplemented and additional documents produced by December 31. A final joint pretrial order must be filed by January 20, 2010. The case will thereafter be on 48 hours notice for trial; the court will fit the matter in whenever I have a break from my regular docket. Trial will be in Foley Square, not White Plains.

The court will not agree to ANY modification of this schedule. This is a relatively simple case; if it had been assigned to me originally it would already have been tried. Only if both sides agree to let the magistrate judge preside at trial can the schedule be modified.

### Notice to the Clerk of the Court

Defendant's motion for summary judgment dismissing the case and for ancillary relief is denied. The Clerk of the Court is directed to locate ALL pending motions on the docket of this action, mark them "decided," and to remove them from this court's list of open motions.

This constitutes the decision and order of the court.

Dated: October 29, 2009

_____
U.S.D.J.

BY ECF TO ALL COUNSEL
BY FAX TO THE HON. LISA MARGARET SMITH